**BIOMEDICAL INSTRUMENT & EQUIPMENT CORP., Plaintiff,**

**v.**

**CORDIS CORPORATION, Defendant.**

**Civ. No. 84–1628(PG).**

United States District Court, D. Puerto Rico.

March 8, 1985.

David Carrión Fuentes, San Juan, P.R., for plaintiff and for Miguel Arrieta.

Francisco Ponsa Flores, San Juan, P.R., for defendant Cordis Corp.

OPINION AND ORDER

PÉREZ–GIMÉNEZ, Chief Judge.

Before us is a Motion for Partial Summary Judgment, an opposition, and a reply to the opposition. This motion, if granted, would dispose of Biomedical Instrument and Equipment Corporation's (Biomedical) cause of action against defendant Cordis

Corporation (Cordis) for an allegedly illegal termination, under Law 75 of June 24, 1964, (10 L.P.R.A. § 278, et seq.), of their dealership agreement. Litigation would continue as to a counterclaim filed by defendant, a third party complaint and another counterclaim.

Defendant Cordis alleges there would be just cause to terminate the agreement under Section 278a because Biomedical was chronically overdue in paying the amounts due Cordis, as we shall see, and therefore, plaintiff's action based on said Law 75 should be dismissed. Before considering this issue, we believe we must rule on the threshhold issue of whether this Court should stay its hand and certify this as yet undecided point of Puerto Rican law.

This action was originally brought in the Superior Court of Puerto Rico, San Juan Part, and properly removed under 28 U.S.C. § 1446, plaintiff being a citizen of the Commonwealth of Puerto Rico and with principal place of business there, and defendant being a Florida corporation with principal place of business in that state.

■ The fact that a federal court possesses jurisdiction does not imply that it has or should necessarily be exercised. The Supreme Court has ruled that under certain circumstances the court should abstain from that exercise (*See*, Wright, *Law of Federal Courts*, 4th Edition, Section 52, p. 302, et seq.). Of those, we shall consider whether resort to the certification mechanism is proper under the circumstances.

■ The doctrines of abstention are based on notions of comity and deference to state courts in resolving unsettled questions of state law. The Supreme Court of Puerto Rico has considered on several occasions the propriety of this mechanism and the circumstances in which it should be utilized, this being purely a matter of local law. Where the answer is reasonably clear, as when the constitutional provision is identical or very similar to the one in the United States Constitution, and when the law or regulation covering the situation is clear in its terms, certification has been

denied. (*See, Pan Ame. Comp. Corp. v. Data Gen. Corp.*, 112 D.P.R. 780 (1982); *Córdova and Simonpietri v. Crown American*, 112 D.P.R. 797 (1982); *Dapena Thompson v. Colberg*, 84 J.T.S. 72, October 8, 1984).

The Supreme Court of the United States stated in *Lehman Brothers v. Schein*, 416 U.S. 386, at 390–391, 94 S.Ct. 1741, at 1743–1744, 40 L.Ed.2d 215 (1974) that

the mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another law suit. We do not suggest that where there is doubt as to local law and where the certification procedure is available, resort to it is obligatory. It does, of course, in the long run save time, energy and resources and helps build a cooperative judicial federalism. Its use in a given case rests in the sound discretion of the federal court.

We do not think certification to be warranted in this case.

We believe that Section 278 of Law 75, which reads:

Just cause: non performance of any of the essential obligations of the dealer's contract, on the part of the dealer, or any action or omission on his part that adversely and substantially affects the interests of the principal or grantor in promoting the marketing or distribution of the merchandise or service.

and Section 278a, which reads:

... no principal or grantor may directly or indirectly perform any act detrimental to the established relationship or refuse to renew said contract on its normal expiration except for just cause ...

are clear in their meaning so that, according to the Supreme Court of Puerto Rico, certifying such questions would not be proper. We thus retain jurisdiction on this point.

Notwithstanding, we are bound by the decisions of the Supreme Court of Puerto Rico in interpreting Law 75, and we are aware of the holding that decisions under the Dealers' Day in Court Act and the decisions in the different states concerning

similar statutes have "very little persuasive valve" due to their different objectives and purposes. *See, Warner Lambert v. Tribunal Superior,* 101 D.P.R. 378 at 403 (1973).

Defendant alleges in its motion for partial summary judgment, in its response to plaintiff's opposition, in a memorandum in support of a motion to set aside order (which is verified) and in various affidavits, 1) that Biomedical was chronically in arrears concerning payment to Cordis; 2) all amounts were due 90 days after billing date; 3) over the past 2 years Biomedical's account had been and is past due in an average sum of over $18,000.00; 4) that "at present" (June 21, 1984) Biomedical owes Cordis $15,134.77, all past due and that this amount constituted 46% of the total Biomedical sales of Cordis products for the current fiscal year, 5) that Cordis has done everything possible to accommodate and facilitate credit to Biomedical by increasing the credit terms and accepting return of unsold products for credit; and 6) that all efforts to have Biomedical's account brought up to date bore no fruit.

Defendant further alleges that under these circumstances it had "just cause" within the meaning of 10 L.P.R.A. 278 and 278a to terminate their agreement, and therefore, plaintiff's cause of action alleging there was no just cause to terminate must be dismissed.

Plaintiff contends there is a genuine and material controversy because, as the supporting affidavits read, "Cordis represented and warranted to Biomedical that the cash limitation of Biomedical would never be a detrimental factor in their relationship in view of the fact that Cordis was willing to grant Biomedical a credit line as high as necessary ..."; that "every time there were outstanding invoices not paid ... Cordis would accommodate Biomedical", and at the time of termination "the line of credit granted by Cordis to Biomedical was $20,000 and it was in excess of the amount due to Cordis by Biomedical". The other affidavit made by the Sales Manager for the area until 1984 essentially states that

"to the best of my knowledge, the credit situation between Biomedical and Cordis was never a fact considered as detrimental to the relationship between Biomedical and Cordis ...". In a motion for summary judgment, the moving party "must offer evidence sufficient to support a finding in his favor upon every element of his claim for relief except those elements admitted by his adversary". 28 Fed.Proc., L.Ed. § 62:535 p. 33. We believe this burden has been met. Plaintiff produced documents and affidavits supporting the claim that the account had been past due.

> "When a motion for summary judgment is made and supported as provided in FRCP. 56(e), the adverse party may not rest upon the mere allegations or denials of his pleadings; ... [he] must produce significant evidence tending to support his position ... [and] some affirmative indication that his version of relevant facts is not fanciful." *Supra,* § 62.537, at p. 35.

Plaintiff, in its opposition, did not controvert the fact that the amounts were due 90 days after billing date, that the outstanding balance had averaged $18,000 and had been as high as $32,685, nor that Cordis tried to have Biomedical bring the accounts up to date. Plaintiff forgets that a line of credit is made up of two elements, the monetary ceiling (as to which there is no dispute) and the time period before which the balance must be paid. The granting of a line of credit as "high as necessary" does not imply it to be for as long as necessary. The facts that the outstanding balance was less than the credit ceiling or the fact that Cordis accommodated Biomedical in the payments, fare no better. The account was chronically overdue. The other affidavit, stating that *to the best of his knowledge* the credit situation was never considered detrimental, is nothing more than an allegation of a conclusive nature and not a fact. An opinion of this kind cannot successfully defeat a properly supported motion for summary judgment.

We thus find that plaintiff failed to controvert defendant's showing that there is

no genuine issue as to a material fact. We must now consider if defendant is entitled to partial summary judgment as a matter of law.

The purpose of Law 75 was to protect Puerto Rican dealers from the arbitrary termination of their contracts once the "ground-breaking" had been done and a market had been established. *See, Diario de Sesiones,* vol. 18, part 3, p. 1531 and part 4, p. 1727 (1964); *Warner Lambert Co. v. Tribunal Superior, supra.* For this reason, Section 278a states that the contract shall be renewed and cannot be terminated except for just cause. Just cause is defined in Section 278 (see above). When a dealer consistently owes the principal considerable amounts of money and does not timely pay them so that there is a balance of over $18,000 extending over a period of two years before termination, and being payment of the amounts due one of the principal, of not the most important, reason for entering any contract, we hold that the dealer did not perform one of the essential obligations of the dealer's contract. Furthermore, this "action or omission on his part ... adversely and substantially affects the interests of the principal or grantor in promoting the marketing or distribution of the merchandise or service" and, thus, constitutes just cause for termination. To hold otherwise would mean that Cordis would have to continue selling to Biomedical regardless of Biomedical's refusal to pay in a timely fashion. In all fairness, and considering the objectives of Law 75, this cannot be. This is a cause attributable solely to the dealer and thus not within the intended protections afforded by Law 75. The purpose of this law was to protect the dealer from arbitrary actions by the principal, who we believe has acted reasonably, and cannot be interpreted as giving the dealer a free hand to default on duties as important as timely payment of amounts due because of a business relationship.

For the foregoing reasons, Cordis Corporation's motion for partial summary judgment is hereby GRANTED.

IT IS SO ORDERED.